# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

FIELDING VAUGHN KIMERY,                                                                     PLAINTIFF
ADC #133741

v.                                         4:21CV00209-KGB-JTK

DEXTER PAYNE, et al.                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

Plaintiff Fielding Kimery is a state inmate confined at the Varner Super Max Unit of the Arkansas Division of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action against Defendants (Doc. No. 1). By Order dated March 22, 2021, this Court directed Plaintiff to submit the $402 filing fee or a Motion to Proceed in forma pauperis, together with an Amended Complaint. (Doc. No. 2) The Court noted that Plaintiff did not file his complaint on a proper § 1983 complaint form, and submitted over two hundred pages of numerous rambling unrelated allegations against numerous individuals, who were not identified by Plaintiff as Defendants. (Id., p. 3)   The Court asked Plaintiff to amend his Complaint in accordance with FED.R.CIV.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." (Id.) Finally, the Court directed Plaintiff to file a short Amended Complaint which sets forth one claim against the Defendants, and which states the following: **"(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the Plaintiff's constitutional**

**rights; and (4) how he was harmed. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places."** (Id., pp. 3-4)

On March 29, 2021, the Court granted Plaintiff's Motion to Proceed in forma pauperis. (Doc. No. 4). Plaintiff has now submitted an Amended Complaint. (Doc. No. 5)

## II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.   Facts and Analysis**

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff's Amended Complaint is not, as the Court directed, written on the § 1983 complaint form provided to him. In addition, it contains rambling allegations that he was threatened by inmates and security officers, that officers denied grievances, took legal work and filed retaliatory disciplinary charges against him, all from 2017 through the present. The Court also cannot identify the Defendants, as Plaintiff names three individuals as Defendants on the first page, adds a list of Defendants on page 10, and then through the course of the complaint includes rambling allegations against numerous other individuals who may or may not be intended defendants. Plaintiff's Amended Complaint, which consists of over twenty pages of allegations and over 100 pages of exhibits, does not comply with the Court's prior Order or FED.R.CIV.P. 8(a)(2).

In light of Plaintiff's failure to submit a "short and plain statement of the claim showing that the pleader is entitled to relief," or plead "enough facts to state a claim to relief that is plausible on its face," Bell, 550 U.S. at 570, his Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Amended Complaint against Defendants be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.	This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.	The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith.   28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 19th day of April, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.