IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FIELDING VAUGHN KIMERY**                                                                 **PLAINTIFF**
**ADC #133741**

v.                                   Case No. 4:21-cv-00209-KGB

**DEXTER PAYNE,** *et al.*                                                                 **DEFENDANTS**

## ORDER

Before the Court are several post-judgment motions filed by plaintiff Fielding Vaughn Kimery (Dkt. Nos. 50; 51; 53; 55; 59; 65; 66; 67). The Court addresses each of these motions in turn.

### I.    Petition For A Writ Of *Habeas Corpus Ad Testificandum*

In Mr. Kimery's first motion, he requests that the Court issue a writ of *habeas corpus ad testificandum* so that he might come before this Court and provide testimony in his case (Dkt. No. 50). Federal Courts are courts of limited jurisdiction, restricted to hearing only cases and controversies for the purposes of Article III of the federal Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). This Court entered final judgment in the instant case on February 14, 2022, mooting Mr. Kimery's request to testify (Dkt. Nos. 48; 50). As such, the Court denies Mr. Kimery's request for a writ of *habeas corpus ad testificandum* (Dkt. No. 50).

## II.     Motion For Copies

Mr. Kimery also requests that the Court provide him copies of every docket entry from the start of this litigation through his motion for copies (Dkt. Nos. 1-51).  In its Order dismissing this case, this Court granted Mr. Kimery's then outstanding motions for copies, sending him a copy of the docket sheet and informing him that he "may request by docket number those documents of which he seeks copies" (Dkt. Nos. 47, at 3).  The Court also instructed the Clerk of Court to send to Mr. Kimery a copy of the Order dismissing this case on February 14, 2022 (*Id.*).  Though Mr. Kimery currently requests each and every document filed until February 25, 2022, the Court grants in part and denies in part this motion (Dkt. No. 51).  The Court instructs the Clerk of Court to send to Mr. Kimery the following substantive docket entries:  Mr. Kimery's complaint, Magistrate Judge Jerome T. Kearney's Order related to Mr. Kimery's filing fee, Mr. Kimery's motion to proceed *in forma pauperis* ("IFP"), Judge Kearney's order granting Mr. Kimery's motion to proceed IFP, Mr. Kimery's amended complaint, Judge Kearney's Proposed Findings And Recommendations, Mr. Kimery's objections to Judge Kearney's Proposed Findings And Recommendations, Mr. Kimery's two supplemental objections to Judge Kearney's Proposed Findings And Recommendations, and the Judgment (Dkt. Nos. 1-6; 15-17; 48).  If Mr. Kimery seeks additional docket entries, he is directed again to file a motion and to specify by docket number those documents of which he seeks copies.

## III.    Motions To Appeal IFP

Mr. Kimery has two pending requests to appeal IFP (Dkt. Nos. 53; 65).  The Court certified in its February 14, 2022, Order that an IFP appeal from its Order and Judgment "would not be taken in good faith" (Dkt. Nos. 47, at 1; 48).  For this reason, the Court denies the request to proceed with an appeal without prepaying the necessary filing fees (Dkt. Nos. 53; 65).

2

### IV. Motion To Deny Summary Judgment, Turn On Phone Account, And Appoint Counsel

In his motion filed March 2, 2022, Mr. Kimery requests that this Court deny the "defendants' motion for summary judgment," order officials to turn on his phone account, and appoint him counsel (Dkt. No. 55, at 1, 3-4). He also repeats his request for a copy of the docket and a status update of his request to appeal IFP (*Id.*, at 2). As previously discussed, the Court grants in part and denies in part the request for copies and denies the motion to appeal IFP (Dkt. Nos. 51; 53; 65). The Court also denies the requests to deny defendant's motion for summary judgment and to order the officials to turn on phone services, as the requests are moot in this case where judgment has been entered (Dkt. No. 55, at 1). *Already, LLC.*, 568 U.S. at 91.

Regarding Mr. Kimery's request for the appointment of counsel, the Eighth Circuit noted in *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013), that "there is no constitutional or statutory right to appointed counsel [in civil cases]." District courts are afforded "considerable discretion" in determining whether or not to appoint counsel in a civil case. *Id.* at 943. Given that the Court certified that Mr. Kimery's appeal would not be taken in good faith, the Court declines to appoint counsel at this time and denies Mr. Kimery's motion (Dkt. Nos. 47, at 1; 48; 55). *Id.*

### V. Motions For Continuance

Mr. Kimery has two pending requests for a continuance (Dkt. Nos. 59; 66). In these motions, he alleges several events that, if true, are of concern to the Court (Dkt. No. 59; 66). However, this Court cannot grant a continuance in this case in which final judgment has been entered (Dkt. No. 48). Put simply, there is nothing left to litigate at the district court level in this case filed by Mr. Kimery. To the extent Mr. Kimery believes these events gives rise to new claims, he may file a new action alleging these claims against the appropriate defendants.

### VI. Motion For A Temporary Restraining Order

On June 16, 2022, Mr. Kimery submitted a motion for a temporary restraining order ("TRO") (Dkt. No. 66). In determining whether to issue a temporary restraining order, a district court should consider: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)). Under *Dataphase*, no one factor is determinative. *See Dataphase*, 640 F.2d at 113. A temporary restraining order "is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant," here, Mr. Kimery. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted).

Even if Mr. Kimery could make out the above-described factors, his motion is moot. The Court entered Judgment in this case on February 14, 2022 (Dkt. No. 48). For this reason, the Court denies as moot Mr. Kimery's request for a TRO (Dkt. No. 66).

### VII. Most Recent Filing

Mr. Kimery's most recent filing appears to contain a copy of many of his recent motions and other filings (Dkt. No. 67). The Court construes this filing to be a request for an order on those previous filings (*Id.*). To the extent Mr. Kimery seeks an order through his most recent docket entry, the Court grants that request through this Order (*Id.*).

### VIII. Conclusion

In summation, the Court denies Mr. Kimery's petition for a writ of *habeas corpus ad testificandum* (Dkt. No. 50). The Court partially grants and partially denies his request for copies; the Court directs the Clerk to send certain substantive docket entries to Mr. Kimery (Dkt. Nos. 1-

4

6; 15-17; 48; 51).  The Court denies Mr. Kimery's motions to appeal IFP, his motion related to summary judgment, his motion related to cell phone usage, his motion for the appointment of counsel, his motions for a continuance, and his motion for a TRO (Dkt. Nos. 53; 55; 59; 65; 66). The Court grants Mr. Kimery's request for an order on his outstanding motions (Dkt. No. 67).

It is so ordered this 17th day of June, 2022.

*Kristine G. Baker* (signature)
Kristine G. Baker
United States District Judge